UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| HARVEY P. SHORT, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 2:06-cv-0852 |
| WILLIAM J. CHARNOCK, KANAWHA COUNTY PROSECUTOR'S OFFICE, CHARLESTON POLICE DEPARTMENT, CITY OF CHARLESTON, MAYOR DANNY JONES, BRENT WEBSTER, OFFICER VAN HORN, OFFICER COOPER, OFFICER KUHNER, TASER INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **DEFENDANT TASER INTERNATIONAL, INC.'S ANSWER TO COMPLAINT**

Defendant Taser International, Inc. ("TASER Int'l") now answers the Complaint filed by Plaintiff Harvey P. Short.

### STATEMENT OF CLAIM

1. On September 14, 2005, Officer Van Horn approached the Plaintiff while the Plaintiff was sleeping at an abandon house and shot the Plaintiff with a taser without warning or justification.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 1, and therefore denies all allegations in that paragraph.

2. The taser had malfunctioned and was in a dangerous and defective condition due to manufacturer error.

**ANSWER:** TASER Int'l denies the allegations in paragraph 2.

3. That the Plaintiff suffered serious injury after being shot by Officer Van Horn of Charleston Policy Department.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 3, and therefore denies all allegations in that paragraph.

4. Three (3) Charleston Police Officers, Van Horn, Kuhner, and Cooper threw the Plaintiff head first on a steel floor and a concrete floor while the Plaintiff was handcuffed from behind his back.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 4, and therefore denies all allegations in that paragraph.

5. That the officers used racial slurs at the Plaintiff during this incident.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 5, and therefore denies all allegations in that paragraph.

6. That the Plaintiff suffered head and back injury as a result of the Defendants' actions in paragraph #3.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 6, but TASER Int'l denies liability.

7. That the taser was inherently dangerous and negligently manufactured by Taser International, Inc.

**ANSWER:** TASER Int'l denies the allegations in paragraph 7.

8. That Chief Brent Webster and Mayor Danny Jones bought the tasers from Taser International, Inc. to be used by police officers in Charleston without knowledge of its dangers, proper inspection, or investigation of the deaths and injury caused by the taser or proper training.

**ANSWER:** TASER Int'l denies the allegations in paragraph 8.

9. That Officer Van Horn was not properly trained by the City of Charleston and its Police Department to use the taser and that the taser was dangerous and not properly manufactured by Taser International, Inc. for its intended use after over 150 people have died after getting shot with it.

**ANSWER:** TASER Int'l denies the allegations in paragraph 9.

10. That the City of Charleston's policy, custom, and regulation allowed the Defendant Van Horn to use the defective taser without proper training, without proper repair, without proper investigation, or consultation with Taser International, Inc. about its risks of death and serious bodily injury.

**ANSWER:** TASER Int'l denies the allegations in paragraph 10.

11. Taser International, Inc. misrepresented the safety of its taser to the Defendants Van Horn, Brent Webster, Danny Jones, and the City of Charleston.

**ANSWER:** TASER Int'l denies the allegations in paragraph 11.

12. That the Defendant Taser International, Inc.'s taser jammed and/or malfunctioned and the Plaintiff was subjected to 50,000 volts for a longer period of time than the taser was designed to.

**ANSWER:** TASER Int'l denies the allegations in paragraph 12.

13. On 9/14/06, Defendant Van Horn stopped the Plaintiff while investigating a robbery.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 13, and therefore denies all allegations in that paragraph.

14. That the Defendant Van Horn shot the Plaintiff after stopping the Plaintiff.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 14, and therefore denies all allegations in that paragraph.

15. That Defendant Van Horn maliciously prosecuted and charged the Plaintiff with fleeing to justify shooting the Plaintiff with the taser.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 15, and therefore denies all allegations in that paragraph.

16. However, the fleeing charge was dismissed or dropped after the grand jury failed to indict.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 16, and therefore denies all allegations in that paragraph.

17. That Defendant Van Horn maliciously, wrongly, and illegally charged the Plaintiff with fleeing, but it was dismissed after 6 months in jail.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 17, and therefore denies all allegations in that paragraph.

18. That the City of Charleston and the Charleston Police Department assisted Van Horn in maliciously charging the Plaintiff with fleeing.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 18, and therefore denies all allegations in that paragraph.

19. That the Kanawha County Prosecutor's Office and William J. Charnock allowed the malicious and illegal charge to hold the Plaintiff in jail for 6 months.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 19, and therefore denies all allegations in that paragraph.

20. The Plaintiff states that he is entitled to damages under Heck v. Humphrey, 512 U.S. 477, 488 (1994), because the charge was dismissed or dropped and his 4th Amendment U.S. Constitutional Rights to be free of illegal seizures and charges were violated by the Defendants and the criminal proceedings on the fleeing charged was terminated n his favor in addition the Plaintiff was denied due process of law by the Defendants.

**ANSWER:** The allegations in paragraph 20 state legal conclusions to which a response is not required. To the extent a response is required and the allegations are intended to be against TASER Int'l, TASER Int'l denies the allegations in paragraph 20.

21. That the Defendants knew that they had no factual basis for the charge but continued to prosecute the Plaintiff anyway to violate his constitutional rights. That is was without probable cause.

**ANSWER:** TASER Int'l lacks sufficient knowledge and information to admit or to deny the allegations in paragraph 21, and therefore denies all allegations in that paragraph.

## GENERAL DENIAL

To the extent the Complaint contains other allegations to which TASER Int'l has not yet responded, TASER Int'l denies those allegations.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, and in order that TASER Int'l does not waive them, TASER Int'l alleges, upon information and belief, the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. To the extent Plaintiff's claims are barred in whole or in part by any applicable statute of limitations or statute of repose, those claims are subject to dismissal.

3. The product in question performed in the manner reasonably to be expected in light of its nature and intended function, and is not more dangerous than would be contemplated by the ordinary user possessing the ordinary knowledge available in the community.

4. The product in question was not defective, and it was not in a condition inherently or unreasonably dangerous to the user.

5. TASER Int'l provided appropriate, adequate, and sufficient warnings and instructions concerning the use of its product, therefore negating any liability for Plaintiff's claims.

6. There was no negligence or unlawful conduct on the part of TASER Int'l that caused the damages alleged in the Complaint.

7. State of the art.

8. Unforeseeable alteration and/or misuse.

9. Plaintiff's damages were proximately caused in whole or in part by the negligence of someone other than TASER Int'l.

10. Plaintiff has failed to reasonably mitigate his alleged damages.

11. Plaintiff's damages were caused in whole or in part by his own comparative or contributory negligence, which bars or proportionately reduces any alleged damages.

12. Any claims against TASER Int'l are barred in whole or in part because the Plaintiff knowingly and voluntarily assumed and/or incurred the risk of physical injury.

13. Plaintiff's alleged damages were the consequence of pre-existing medical or physical conditions.

14. Plaintiff's claims against TASER Int'l are barred for the reason that his damages, if any, were caused by an intervening and/or superseding cause.

15. TASER Int'l had no duty to warn including under the learned intermediary/ purchaser doctrine.

16. Sophisticated user doctrine.

17. Plaintiff's alleged damages were proximately caused by the sensitivities and idiosyncrasies peculiar to the Plaintiff, not found in the general public and not reasonably foreseeable to TASER Int'l.

18. Plaintiff's claims are barred in whole or in part because of the independent intervening and superseding negligence of third parties over whom TASER Int'l had no control and with respect to whom it had no legal responsibility or liability.

19. TASER Int'l owed no duty to the Plaintiff, a criminal suspect, nor breached any duty owed by it.

20. There is no casual connection between Plaintiff's claimed injuries and any action or inaction of TASER Int'l.

21. To the extent Plaintiff claims punitive damages in this case, TASER Int'l is immune from all punitive and exemplary damages. Punitive damages cannot be justified in this case, and their imposition violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

22. The punitive damages claim fails due to Plaintiff's failure to plead with particularity under Federal Rule of Civil Procedure 9(b).

23. Plaintiff's causes of action are barred in that TASER Int'l is protected by the governmental contractor immunity doctrine.

24. TASER Int'l reserves the right to raise and plead additional defenses as they become known during its ongoing investigation and discovery, including any items set forth in Federal Rules of Civil Procedure 8(c) and 12 and any other matter constituting an avoidance or an affirmative defense.

WHEREFORE TASER International, Inc. demands judgment dismissing the Complaint, decreeing that Plaintiff take nothing by it, and awarding TASER International, Inc. its costs, attorney fees and any other just and proper relief.

Dated: November 20, 2006

Respectfully submitted,

__/s/ Lisa J. Bray__
Lisa J. Bray (WV State Bar #7696)
SPILMAN THOMAS & BATTLE, PLLC
Spilman Center
300 Kanawha Boulevard, East
Post Office Box 273
Charleston, West Virginia 25321-0273
Telephone: (304) 340-3800
Email: lbray@spilmanlaw.com

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Email: john.maley@btlaw.com

Damon R. Leichty
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
Telephone: (574) 233-1171
Email: damon.leichty@btlaw.com

*Attorneys for Defendant*
*TASER International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic filing and/or by United States mail, postage prepaid, to the following on November 20, 2006:

> Harvey P. Short
> 1001 Centre Way
> Charleston, West Virginia 25309

__/s/ Lisa J. Bray__